FILED
6-3-19
SUSIE KRUEGER CLERK
BY _____
DEPUTY CLERK

**JEFFREY DAHOOD**
**KNIGHT & DAHOOD**
Attorneys at Law
113 East Third Street
P. O. Box 727
Anaconda, Montana 59711
Telephone: (406) 563-3424
Fax: (406) 563-7519
email: jdahood@kdesdlaw.com
       jeff_fed@kdesdlaw.com

**ATTORNEYS FOR PLAINTIFFS**

## MONTANA THIRD JUDICIAL DISTRICT COURT
## ANACONDA-DEER LODGE COUNTY

| | |
|---|---|
| JENNA SCHAFER AND WALTER SCHAFER, | CAUSE NO.: DV-19-53 |
| Plaintiffs, | |
| -vs- | COMPLAINT AND DEMAND FOR JURY TRIAL |
| BAYER CORPORATION, | |
| Defendant. | |

COME NOW the Plaintiffs JENNA SCHAFFER and WALTER SCHAFER and for their cause of action against defendant BAYER CORPORATION, for which they demand a jury trial, claim and allege as follows:

1.

The plaintiffs are residents and citizens of Anaconda, Deer Lodge County, State of Montana.

1   *COMPLAINT AND DEMAND FOR JURY TRIAL*

2.

Defendant BAYER CORPORATION, is a Delaware Corporation with its principal place of business in Whippany, New Jersey and is a manufacturer and/or seller of Essure birth control. All acts and omissions of defendant were done by its agents, servants, employees and/ or owners, acting in the course and scope of their respective agencies, services, employment and or/ownership.

## FACTUAL BACKGROUND

3.

Plaintiff JENNA SCHAFFER was implanted with Essure by Dr. Paul Henke in June 2006.

4.

The Products were implanted in Plaintiff JENNA SCHAFFER to treat prevent pregnancy, the uses for which the products were designed, market and sold.

5.

As a result of having the products implanted in her, plaintiff JENNA SCHAFFER has experienced significant mental and physical pain and suffering, has sustained permanent injury, has been required to undergo corrective surgery, undesired tubal pregnancy and subsequent termination has suffered financial or economic loss, including, but not limited to, obligations for medical services and expenses, and has endured impaired physical relations with her husband.

6.

Defendant BAYER CORPORATION designed, manufactured, marketed, packaged, labeled, and sold Essure birth control implants, including the Products

implanted in Plaintiff, JENNA SCHAFER.

7.

Plaintiff JENNA SCHAFER was unaware and not warned the Essure birth control products were unreasonably safe for their intended uses and were defective as a matter of law. Plaintiff wasn't aware this product was defective until after she saw a commercial on television regarding the product in September of 2018.

## CAUSES OF ACTION
## COUNT I: NEGLIGENCE

8.

Plaintiffs incorporate by reference paragraphs 1-6 of this Complaint as if fully set forth herein.

9.

Defendants had a duty to individuals, including Plaintiff JENNA SCHAFFER, to use reasonable care in designing, manufacturing, marketing, labeling, packaging and selling the Products.

10.

As a direct and proximate result of defendant's conduct, Plaintiff, JENNA SCHAFFER, was caused and/or in the future will be caused to suffer severe personal injuries, pain and suffering, severe emotional distress, financial or economic loss, including, but not limited to, obligations for medical services and expenses, and other damages.

## COUNT II: STRICT LIABILITY - DESIGN DEFECT

11.

Plaintiffs incorporate by reference paragraphs 1-9 of this Complaint as if fully set forth herein.

12.

The Products implanted in Plaintiff JENNA SCHAFFER were defectively designed rendering them unreasonably safe for their intended uses and therefore were defective as a matter of law with respect to their design.

13.

As a direct and proximate result of the Products' aforementioned defects, Plaintiff JENNA SCHAFFER was caused and/or in the future will be caused to suffer severe personal injuries, pain and suffering, severe emotional distress, financial or economic loss, including, but not limited to, obligations for medical services and expenses, and other damages.

14.

Defendant is strictly liable to Plaintiff JENNA SCHAFFER for designing, manufacturing, marketing, labeling, packaging and selling a defective product.

## COUNT III: STRICT LIABILITY - MANUFACTURING DEFECT

15.

Plaintiffs incorporate by reference paragraphs 1-13 of this Complaint as if fully set forth herein.

16.

The Products implanted in Plaintiff JENNA SCHAFFER were unreasonably safe for their intended uses and were defective as a matter of law with respect to their manufacture.

17.

As a direct and proximate result of the Products' aforementioned affects, Plaintiff JENNA SCHAFFER was caused and/or in the future will be caused to suffer severe personal injuries, pain and suffering, severe emotional distress, financial or economic loss, including, but not limited to, obligations for medical services and expenses, and other damages.

18.

Defendant is strictly liable to Plaintiff JENNA SCHAFFER for designing, manufacturing, marketing, labeling, packaging and selling a defective product.

## COUNT IV: STRICT LIABILITY - FAILURE TO WARN

19.

Plaintiffs incorporate by reference paragraphs 1-17 of this Complaint as if fully set forth herein.

20.

The Products implanted in Plaintiff JENNA SCHAFFER were not reasonably safe for their intended uses and were defective as a matter of law due to their lack of appropriate and necessary warnings.

21.

As a direct and proximate result of the Products' aforementioned defects, Plaintiff

JENNA SCHAFFER was caused and/or in the future will be caused to suffer severe personal injuries, pain and suffering, severe emotional distress, financial or economic loss, including, but not limited to, obligations for medical services and expenses, and other damages.

22.

Defendant is strictly liable to Plaintiff JENNA SCHAFFER for designing, manufacturing, marketing, labeling, packaging and selling a defective product.

## COUNT V: LOSS OF CONSORTIUM

23.

Plaintiffs incorporate by reference paragraphs 1-22 of this Complaint as if fully set forth herein.

24.

As a direct and proximate result of the above-described injuries sustained by plaintiff, her husband, plaintiff WALTER SCHAFER, has suffered a loss of his wife's consortium, companionship, society, affection, services and support.

## COUNT VI: PUNITIVE DAMAGES

25.

Plaintiffs incorporate by reference paragraphs 1-23 of this Complaint as if fully set forth herein.

26.

Defendant knew or should have know that the Products were defective and presented unreasonable risks of harm to Plaintiff JENNA SCHAFFER.

27.

Defendant sold the Products to Plaintiff JENNA SCHAFFER'S health care providers and other health care providers in Monatna and throughout the United States without doing adequate testing to ensure that the Products were reasonably safe for implantation in the female pelvic area.

28.

Defendant sold the Products to Plaintiff JENNA SCHAFFER'S health care providers and other health care providers in Montana and throughout the United States without doing adequate testing to determine whether the Products degraded in vivo. The Products, do, in fact degrade in vivo, which causes the severe and debilitating injuries suffered by Plaintiff JENNA SCHAFFER and other women.

29.

Defendant ignored reports from health care providers throughout the United States of the Products' failures to perform as intended, which lead to the severe and debilitating injuries suffered by Plaintiff JENNA SCHAFFER and numerous other women.  Rather than doing adequate testing to rule out the Products' designs or the processes by which the Products are manufactured as the causes of these severe and debilitating injuries, defendant chose instead to instruct its sales force to downplay the Products' risks, and has continued to market and sell the Products as a safe and effective birth control option.

30.

Defendant acted with actual fraud and actual malice toward plaintiffs for which

plaintiffs are entitled to recover punitive damages against defendant.

WHEREFORE, plaintiffs demand a trial by jury, judgment against defendant for compensatory and punitive damages as follows.

1. For past, present and future medical expenses.

2. Lost income.

3. Impairment to earning capacity.

4. Mental and physical pain and suffering and loss of ability to live established lives.

5. Punitive and exemplary damages.

6. Such further relief as the court deems equitable and just under the circumstance.

DATED THIS 2ND DAY OF June, 2019.

KNIGHT & DAHOOD

BY _____
JEFFREY W. DAHOOD
Attorneys for Plaintiffs